UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANDRE T. WARE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:24-cv-00525-AGF |
| | ) |
| CORRECTIONS OF MEDICINE, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

Before the Court is the application of Plaintiff Andre T. Ware, an inmate at the St. Louis County Justice Center, to proceed in district court without prepaying fees or costs. [ECF No. 3]. The Court has reviewed the motion and the financial information provided in support and will grant the motion and assess an initial partial filing fee of $4.52. Additionally, the Court will direct Plaintiff to file an amended complaint and will deny without prejudice his motion seeking the appointment of counsel.

**Initial Partial Filing Fee**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The

agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a prison account statement for the six-month period immediately preceding the submission of his complaint. A review of Plaintiff's account indicates an average monthly deposit of $22.60. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $4.52, which is 20 percent of Plaintiff's average monthly deposit.

### Legal Standard on Initial Review

This Court is required to review a complaint filed in forma pauperis, and must dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 556). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare

recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

## The Complaint

Plaintiff filed his complaint pursuant to 42 U.S.C. § 1983 against Defendant "Corrections of Medicine." Plaintiff names Defendant only in its official capacity.

Plaintiff states that while in the St. Louis County Justice Center, he did not receive surgery for his "nose and face being broke[n] on June 10, 2023." He states he never received prescribed medicine "from visit," and never received prescribed reading glasses. He also states that his sick calls received no response.

For his injuries, he states that he is physically, mentally, and emotionally distressed and drained. For relief, he seeks an unknown amount of compensatory damages.

## Discussion

As stated above, Plaintiff brings this action against Corrections of Medicine in its official capacity. Although it is not clear in the complaint, the Court will assume that Plaintiff means to sue the health care company that contracts to provide health care services to inmates housed at the St. Louis County Justice Center.

To support a claim against a corporation, however, Plaintiff "must show that there was a policy, custom, or official action that inflicted an actionable injury." *Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006); *see also Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975 (8th Cir. 1993). Plaintiff has not alleged he was injured by any policy, custom, or action by any person who represented official policy at the company that provides health care to the St. Louis County Justice Center. *See Stearns v. Inmate Services Corp.*, 957 F.3d 902, 906 (8th Cir. 2020) (explaining that the "proper test" for determining whether a corporation acting under color of state law is liable

under 42 U.S.C. § 1983 "is whether there is a policy, custom, or action by those who represent…official policy that inflicts injury actionable under § 1983"). For these reasons, Plaintiff's allegations against Defendant Corrections of Medicine are subject to dismissal.

## Instructions for Filing an Amended Complaint

Because plaintiff is proceeding as a self-represented litigant, and has presented serious allegations to the Court, he will be allowed to amend his complaint according to the instructions set forth below. Plaintiff should file his amended complaint on the Court's civil rights form, which will be provided. *See* E.D. Mo. L.R. 2.06(A). In the "Statement of Claim" section, Plaintiff should provide a short and plain statement of the factual allegations supporting his claim. *See* Fed. R. Civ. P. 8(a).

Plaintiff must specify whether he intends to sue each defendant in an official capacity, an individual capacity, or both. The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant. Again, if Plaintiff is suing a defendant in an individual capacity, he is required to allege facts demonstrating the personal responsibility of that defendant for harming him. If Plaintiff is suing multiple defendants, it is important that he establish the responsibility of each separate defendant for harming him.

Plaintiff is warned that the filing of an amended complaint **completely replaces** the original complaint. This means that claims that are not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005). If Plaintiff fails to file an amended complaint on a Court-provided form within twenty-one days in accordance with the instructions set forth above, the Court will dismiss this action without prejudice and without further notice to Plaintiff.

4

**Motion for Appointment of Counsel**

Plaintiff has filed a motion to appoint counsel. The motion will be denied at this time. In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion seeking leave to commence this action without prepaying fees or costs is **GRANTED**. [ECF No. 3]

**IT IS FURTHER ORDERED** that, within twenty-one (21) days of the date of this order, Plaintiff must pay an initial filing fee of $4.52. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail Plaintiff a copy of the Court's Prisoner Civil Rights Complaint form.

**IT IS FURTHER ORDERED** that Plaintiff shall have twenty-one (21) days from the date of this Memorandum and Order to file an amended complaint in compliance with the instructions above.

**IT IS FURTHER ORDERED** that if Plaintiff does not file an amended complaint in twenty-one days in compliance with the instructions above, the Court will dismiss this action without prejudice and without further notice to Plaintiff.

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel is **DENIED as moot**. [ECF No. 2]

Dated this 31st day of October, 2024.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE